# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Spring Break LLC,** *et al.*, | ) | **CASE NO. 1:19 CV 1824** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **220 Records LLC,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Donell Mitchell filed this action on behalf of himself and Spring Break LLC against 220 Records LLC, Maurie Lemaine Nunn, Demcas LLC and STS Media LLC. He alleges Nunn used an image and logo for Rap Phenomenons without permission and breached a contract with Spring Break LLC and King of Hip Hop LLC. He asserts claims for trademark infringement, copyright infringement, and breach of contract. He seeks injunctive relief and monetary damages.

## BACKGROUND

Mitchell's Complaint is very disjointed, and difficult to follow. Adding to the confusion is the sheer complexity of the various corporate entities mentioned in the Complaint.

Based on filings with the Ohio Secretary of State, it appears Spring Break LLC ("Spring Break") was incorporated in April 2008 by Elizabeth Reyes, aka Elizabeth Reyes Large or Elizabeth Large ("Reyes-Large"). Spring Break registered the tradename Large Bonds in September 2006 with Reyes-Large as the statutory agent. Mitchell, however, indicates Reyes-Large was only an employee of Spring Break, and contends she was fired in 2016. Mitchell also alleges that Nunn was also involved with Reyes-Large in the creation of Large Bonds. Mitchell does not explain how Nunn was involved or what occurred, if anything, to terminate that relationship. Spring Break is still an active LLC with Reyes-Large as the statutory agent, although a corporate filing indicates that the Mitchell Family Trust may have an interest in the limited liability corporation.

The Personal Injury Network LLC ("Personal Injury Network") was incorporated by Mitchell in November 2015. Personal Injury Network then incorporated City Bonding, LLC ("City Bonding") in June 2018.

Spring Break allowed the tradename Large Bonds to expire in 2014 and it was cancelled. Personal Injury Network picked up the Large Bonds registration in 2016. In May 2019, Personal Injury Network through City Bonding, registered the tradename Large Bail Bonds Company.

The King of Hip Hop LLC ("King of Hip Hop") was incorporated in 2011 by Reyes-Large and Mitchell. King of Hip Hop registered the tradename 24 Hour Bail Bonds in November 2015. In September 2019, King of Hip Hop allowed City Bonding to register the 24 Hour Bail Bonds tradename.

In May of 2008, Maurie and Debra Nunn incorporated Demcas, LLC ("Demcas"). Demcas registered the tradename 220 Bail Bonding in June 2010, and the tradename Phenom

Sports in September 2015. In January 2008 Maurie Nunn and Alan Bowles incorporated STS Media LLC as an independent recording label. Nunn and Bowles incorporated 220 Records LLC in May 2008.

In 2006, Mitchell obtained federal copyright and trademark registrations for the name and logo of Rap Phenomenon. He indicates he transferred those registrations to Spring Break in March 2008. Mitchell contends that in 2009, Nunn and STS Media used the Rap Phenomenon logo on the Large Bonds Youtube page without permission. He indicates Nunn, STS Media LLC and 220 Records LLC used the Rap Phenomenon logo on a flyer in 2019 without permission.

Mitchell also alleges, without explanation, that Nunn used his marketing company, STS Media to duplicate and advertise the Large Bonds registered logo on the Large Bonds YouTube page. He states that the acts of Nunn, Demcas LLC, 220 Records and STS Media LLC constitute copyright and trademark infringement and unless they are enjoined, Mitchell and Spring Break LLC will suffer injury.

Finally, Mitchell asserts two claims for breach of contract. He alleges that in 2010, Nunn entered into a contract with Spring Break to act as an independent contractor to write bonds for Large Bonds. He contends the terms of the contract allow both Large Bonds and 24 Hour Bail Bonds Company, which at that time was owned by King of Hip Hop, to have authority over Nunn's contracts with respect to issuing bail bonds. He claims Nunn breached that agreement by using Demcas, STS Media and 220 Records, but he does not allege in what capacity Nunn utilized these limited liability corporations. Mitchell also claims without explanation that Nunn breached a fugitive recovery and surety bail contract with Spring Break in December 2015.

3

Mitchell seeks an injunction preventing the Defendants from using the Rap Phenomenon copyrighted and trademarked name and logo, to cease acts that may deceive others into believing Mitchell or Spring Break are affiliated with or sponsor Defendants' products, to prevent Defendants from infringing on the Spring Break, Phenomenon, and Large Bonds copyright and trademark, and awarding Mitchell and Spring Break costs associated with this litigation.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556

4

U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Spring Break LLC cannot proceed *pro se* in federal court. "Parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The statute does not allow corporations, limited liability companies, partnerships, or associations to appear *pro se* in federal court. They must appear through a licensed attorney. *Rowland v. California Men's Colony Unit II Men's Advisory*, 506 U.S. 194, 201, 113 S.Ct. 716, 721, 506 U.S. 194, 203, 113 S.Ct. 716, 722 (1993). Mitchell is not a licensed attorney. He cannot represent Spring Break in this action.

Furthermore, Mitchell lacks standing to raise the claims asserted in this Complaint on his own behalf. He alleges he transferred the Rap Phenomenon trademark and copyright to Spring Break in 2008. He asserts the infringements occurred in 2009 and in 2019. Mitchell did not own the trademark and copyright at those times. Similarly, he contends Nunn breached contracts with Large Bonds and 24 Hour Bonds in 2010. Large Bonds was owned by Spring Break at that time. Similarly, 24 Hour Bonds was owned by King of Hip Hop. Even though Mitchell may have had an interest in Spring Break and King of Hip Hop, they are separate legal entities from him. He lacks standing to raise their claims. To have standing to assert a claim, the party must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir.

1985). The fact that Mitchell may be collaterally affected by the adjudication of Spring Break's or King of Hip Hop's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692.

Finally, Mitchell filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). He did not file the proper form, and instead used a short form that requires much less detailed information than the form used by the Court. Of greater importance, however, is that it appears Mitchell did not complete the short form fully or accurately. When asked if he had income in the past twelve months from any business, profession or self-employment, he checked "no." The nature of this Complaint, however, concerns Mitchell's numerous business dealings and interests, which he claims in the Complaint are very lucrative. He indicates on the form that he receives monthly commissions but indicates his wages are $ 0.00. Commissions qualify as income from business, profession or self-employment. Proceeding *in forma pauperis* is a privilege and not a right. *See Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). *See also Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). In fact, the Court is required to dismiss the action at any time if the Court determines the allegation of poverty to be untrue. 28 U.S.C. § 1915(e)(2)(A). Based on the conflicting information provided in the Application and the Complaint, Mitchell's Application is denied and this action is dismissed on that basis as well.

**CONCLUSION**

Accordingly, Mitchell's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A) and (B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.  Furthermore, Mitchell is notified that because his Application to Proceed *In Forma Pauperis* was denied, the Court will not accept additional filings in the case, including post judgment motions, unless the filing fee of $400.00 first is paid in full.

**IT IS SO ORDERED.**

Date:  December 9, 2019

*S/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE